ERIE RAILROAD COMPANY, PROSECUTOR, v. MAYOR AND ALDERMEN OF JERSEY CITY.

Argued February 26, 1912—Decided October 4, 1912.

An ordinance forbidding the emission of dense smoke from any stack connected with any engine or locomotive within the municipal limits, which smoke contains soot or other substance in sufficient quantity to cause injury to health or damage to property within such limits—*Held,* unreasonable as to a railroad company operating in such municipality because in derogation of its right to emit such smoke as is reasonably necessary for its proper operation.

On *certiorari.* Sixteen cases.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Collins & Corbin.*

For the defendants, *Thomas G. Haight* (*Warren Dixon* and *James J. Murphy,* on the brief).

The opinion of the court was delivered by

PARKER, J. These are sixteen writs of *certiorari,* each bringing up a conviction of the prosecutor in the second crim-inal court of Jersey City, of violation of what may be called the "Smoke Nuisance ordinance" approved February 2d, 1909. Each conviction was based on a separate complaint for violation on a particular day and carried a fine of $50 except the last, which covered the period from August 9th to October 31st, 1910, and in which the court imposed a fine of $50 per day for each of the days during that period and amounting to $4,950. Each conviction is attacked on the same ground, and the last on special reasons relating to its character as an om-nibus proceeding.

In our judgment, all the convictions must be set aside on the broad ground that the ordinance, if generally supported by the charter powers given to Jersey City, is unreasonable in its application to railroad companies operating in that city under their charters and general laws.

The right to pass such an ordinance as that under con-sideration is concededly rested on paragraph 4 of section 24 of the charter of 1871 (*Pamph. L., p.* 1094), giving power to the board of aldermen to "pass * * * ordinances * * * to declare what shall be nuisances in lots, streets, docks, wharves, or piers, and to provide for the removal, sale and other disposition of such nuisances." In *State* v. *Jersey City,* 5 *Dutcher* 170, it was held that an almost identical provision did not apply to running of railroad trains upon tracks, which were not included in the category of places named in the charter provision. But no doubt the illegal emission of

smoke in railroad territory which blows over into lots, &c., would justify the city in dealing with such smoke as a nuisance in the latter places. We assume for present purposes that this is so. We further assume that the added words "sale and other disposition" contained in the act of 1871 and which were not in the provision considered in *State* v. *Jersey City, supra,* extends the jurisdiction of the municipal body beyond the narrow limits of mere removal of a stationary object, as defined in that decision.

This brings us to the ordinance itself. It reads as follows:

"An ordinance to abate all nuisances arising or resulting from the escape or discharge of dense smoke, dust, gas and cinders.

"Section I. Be it ordained by the mayor and aldermen of Jersey City that it shall be unlawful to permit the emission of dense smoke from any stack connected with any engine or locomotive within the limits of Jersey City, which smoke contains soot or other substance in sufficient quantity to cause injury to health or damage to property within the corporate limits of said city.

"Section II. Be it further ordained that any owner, lessee, occupant, manager, engineer or fireman of any engine or locomotive to which is attached any smokestack, who permits or allows, within the limits of Jersey City, to be emitted from such smokestack dense smoke containing soot or other substance in such quantity as to cause injury to health or damage to property within the limits of said city, shall upon conviction thereof before a police justice, forfeit and pay a penalty of fifty dollars ($50) for each and every violation thereof.

"Section III. The continued or repeated infraction or violation of this ordinance or any section thereof continued and repeated throughout a period of time more than twenty-four hours (24) in extent, shall be considered as a separate and distinct violation for each and every period of twenty-four hours.

"Section IV. All ordinances inconsistent with the provisions of this ordinance are hereby rescinded, and this ordinance shall take effect immediately."

It should be noted that no distinction is made in this ordinance between locomotive engines operated on railroads and any other kind of engine. By the first section the emission of smoke from any stack connected with either class of engine, which smoke contains soot or other substance in sufficient quantity to cause injury to health or damage to property, is generally prohibited. Similar, but not identical, language is contained in the second section providing the punishment.

Assuming this ordinance to be within the purview of the clause in the charter quoted above, it is *prima facie* reasonable, and its unreasonable character in a particular case should be made to appear. If reasonable in part, it will not be set aside *in toto* but will be permitted to stand, leaving the reasonableness of its operation in a particular case to be tested by a review of a conviction thereunder. *Newmann* v. *Hoboken*, 53 *Vroom* 275; *North Jersey Street Railway Co.* v. *Jersey City*, 46 *Id.* 349. Such a situation has arisen in this group of cases. Upon the reasonability of the ordinance as affecting factories and other private interests we do not have to pass. Such an ordinance was upheld in *Atlantic City* v. *France*, *Id.* 910. The question is whether the present ordinance will be sustained so as to support these convictions of a railroad company by reason of discharge of smoke from its locomotive engines.

Counsel for the city do not seem to justify it as an exercise of police power in protection of the public health, but concede that this jurisdiction under later legislation has been transferred from the board of aldermen to the board of health. Consequently the clause "injury to health" must be treated as surplusage, and the ordinance be read as aimed solely at damage to property. And it may be noted that while the complaints are in the alternative, the convictions are all based on the "damage to property" clause. It is doubtful if the distinction is material; for whether the protection be to health, or property, or both, we are met with the fundamental proposition that the chartered right of a railroad to operate its line includes the right to make such noise, smoke and smells as are reasonably unavoidable in the careful and proper con-

duct of its business, even if some injury to health or some damage to property be caused thereby. So far as relates to damages to property the leading case of *Beseman* v. *Pennsylvania Railroad*, 21 *Vroom* 235; *affirmed*, 23 *Id.* 221, is directly upon the point and renders the citation of other authority needless. Whatever might be said of an ordinance forbidding smoke from railroad engines needlessly and negligently emitted, we think it plain that the breadth of scope of that under consideration, in prohibiting all smoke containing soot, &c., sufficient to cause injury to property, is in derogation of the charter rights of the railroad and as to it unreasonable.

The criminal court seems to have recognized this difficulty, because while the complaints are as broad as the ordinance, the convictions contain two findings, one, generally, that the prosecutor did permit, &c., the emission of smoke containing soot sufficient to injure property and that such injury took place; the other that more smoke was emitted than necessary and that unnecessary damage was done and that defendant did not use reasonable care to prevent such smoke. But this, as we consider, cannot help the defendant.

Both the ordinance and the complaints go upon the broad ground of the emission of any smoke sufficient to injure property, whether negligently or otherwise; and such a restricted finding as that of negligently emitting unnecessary smoke and doing damage to property thereby operates as a conviction of something not denounced in the ordinance and not charged in the complaint.

For these reasons the several convictions will be set aside.